FILED
2013 Jan-07  PM 02:35
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# JASPER DIVISION

| | | |
|---|---|---|
| **MARY KRISTINA SMITH, and any** **others similarly situated,** | } } } | |
| **Plaintiff,** | } } | |
| **v.** | } } | **Case No.: 6:12-cv-03521-RDP** |
| **CITY OF SUMITON; SUMITON** **POLICE DEPARTMENT; CITY OF** **SUMITON JAIL; T.J. BURNETT;** **CHRIS DAUGHERTY, ESTATE OF** **CHRIS DAUGHERTY, FICTITIOUS** **DEFENDANTS A, B, and C, those** **officers or employees of the City of** **Sumiton involved in Constitutional** **Violations,** | } } } } } } } } } } | |
| **Defendants.** | } } | |

## MEMORANDUM OPINION

Before the court is Defendants Police Chief T.J. Burnett ("Burnett") and City of Sumiton

Alabama's ("City") Motion to Dismiss (Doc. #6), filed on October 31, 2012.  Defendants filed a

brief supporting their motion (Doc. #6-1) and Plaintiff responded on November 8, 2012.  (Doc. #12).

Defendants did not file a reply.  For the reasons stated below, Defendants' Motion (Doc. #6) is due

to be granted in part and denied in part.[1]

---

[1] Footnote 1 of Defendants' brief also addresses Plaintiff's claims against the Sumiton Police Department and the City of Sumiton Jail.  To the extent Plaintiff intends to assert a claim against either of these parties, these claims fail because neither the Sumiton Police Department nor the City of Sumiton Jail are entities subject to suit.  *See e.g.*, *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992) (noting that "sheriff's departments and police departments are not usually considered legal entities subject to suit"); *Eddy v. City of Miami*, 715 F. Supp. 1533, 1536 (S.D. Fla.  1989) ("Where a police department is an integral part of the city government as the vehicle through which the city government fulfills its policing functions, it is not an entity subject to suit."); *Powell v. Cook Cnty Jail*, 814 F. Supp. 757, 758 (N.D. Ill. 1993) (jail is not a legal entity subject to suit); *Yeager v. Hardy*, 2011 WL 736396, at *1 (city jail is "not a legal entity and, therefore, is not subject to suit. . . .").  Therefore, Plaintiff's claims against Defendants Sumiton Police Department and City of Sumiton Jail are due to be dismissed.

## I.   BACKGROUND AND RELEVANT FACTS

Plaintiff initiated this lawsuit by filing a Complaint on October 4, 2012.  (Doc. #1). Plaintiff's Complaint contains five counts to relief against Defendants.  (*See* Doc. #1).  Plaintiff asserts 42 U.S.C. § 1983 claims for violations of the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution (Count One); state law invasion of privacy claims (Count Two); state law assault and battery claims (Count Three); state law outrage claims (Count Four); and state law negligent retention, negligent training, and negligent supervision claims (Count Five).  (*See* Doc. #1).

The facts alleged in Plaintiff's Complaint are as follows.  Sometime in October 2010, a Sumiton police officer arrested Plaintiff for unpaid traffic violations and took her to the City of Sumiton Jail.  (Doc. #1 at ¶ 13). Plaintiff remained in the jail overnight.  (*Id.* at ¶ 14).  During the first night she was incarcerated, Defendant Chris Daugherty "threatened her, made verbal sexual threats and forced [her] to perform unwanted sex acts on him and sexually harassed her, sexually assaulted her and sexually abused her." (*Id.*).  Plaintiff "had no choice but to be subjected to the unwanted sexual acts against her" because of the verbal and physical threats made against her, the assault and battery, and the position of power asserted by Defendant Daugherty.  (*Id.* at ¶ 15).

## II.   STANDARD OF REVIEW

The Federal Rules of Civil Procedure require only that the complaint provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Having said that, the complaint must include enough facts "to raise a right to relief above the speculative level."   *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Pleadings that contain nothing more than "a formulaic recitation of the elements of a cause of action" do not meet

Rule 8 standards, nor do pleadings suffice that are based merely upon "labels and conclusions" or "naked assertion[s]" without supporting factual allegations. *Twombly*, 550 U.S. at 555, 557.  In deciding a Rule 12(b)(6) motion to dismiss, courts view the allegations in the complaint in the light most favorable to the non-moving party. *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1295 (11th Cir. 2007).

To survive a motion to dismiss, a complaint must "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).  Although "[t]he plausibility standard is not akin to a 'probability requirement,'" the complaint must demonstrate "more than a sheer possibility that a defendant has acted unlawfully." *Id*.  A plausible claim for relief requires "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence" to support the claim. *Twombly*, 550 U.S. at 556.

The Supreme Court has recently identified "two working principles" for a district court to use in applying the facial plausibility standard.  First, in evaluating motions to dismiss, the court must assume the veracity of well-pleaded factual allegations; however, the court does not have to accept as true legal conclusions when they are "couched as [] factual allegation[s]." *Iqbal*, 129 S. Ct. at 1950.  Second, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.*  Application of the facial plausibility standard involves two steps.  Under prong one, the court must determine the scope and nature of the factual allegations that are well-pleaded and assume their veracity; and under prong two, the court must proceed to determine the claim's plausibility given the well-pleaded facts.  That task is context specific and, to survive the motion,

3

the allegations must permit the court based on its "judicial experience and common sense . . . to infer more than the mere possibility of misconduct." *Id.* If the court determines that well-pleaded facts, accepted as true, do not state a claim that is plausible, the claims are due to be dismissed. *Id.*

## III.   DISCUSSION

### A.   Plaintiffs Claims Against Defendant Burnett

#### 1.   Official Capacity Section 1983 Claims

Plaintiff's "official capacity" section 1983 claims against Defendant Burnett are due to be dismissed because these claims are claims against the City of Sumiton itself. "[O]fficial capacity suits generally represent only another way of pleading an action against the entity of which an officer is an agent." *Brandon v. Holt*, 469 U.S. 464, 472 n. 21 (1985). Suits against an individual acting in his official capacity impose liability on the governmental entity the official represents. *See Busby v. City of Orlando*, 931 F.2d 764, 776 (11th Cir. 1991) ("Because suits against a municipal officer sued in his official capacity and direct suits are functionally equivalent, there no longer exists a need to bring official-capacity actions against local government officials, because local government units can be sued directly. . . ."). Because Plaintiff's official capacity section 1983 claims against Defendant Burnett are claims against the City of Sumiton, they are due to be dismissed. However, with the exception of any Eighth Amendment claims,[2] Plaintiff's *individual* capacity section 1983

---

[2]The purpose of the Eighth Amendment is to protect persons convicted of crimes from cruel and unusual punishment. *See, e.g.*, *United States v. Lovett*, 328 U.S. 303, 317-18 (1946); *Whitley v. Albers*, 475 U.S. 312, 318 (1986). Generally, the Eighth Amendment does not apply to claims brought by arrestees and pretrial detainees. *Cottrell v. Caldwell*, 85 F.3d 1480, 1490 (11 th Cir. 1996) ("Claims involving the mistreatment of arrestees or pretrial detainees in custody are governed by the Fourteenth Amendment's Due Process Clause instead of the Eighth Amendment's Cruel and Unusual Punishment Clause, which applies to such claims by convicted prisoners."). Plaintiff was an arrestee in custody for failure to pay traffic fines. (*See* Doc. #1 at ¶ 13). Thus, any Section 1983 individual capacity claims against Defendant Burnett on the basis of Eighth Amendment violations are due to be dismissed because Plaintiff was an arestee or pretrial detainee and not an individual convicted of a crime. *See Cottrell*, 85 F.3d at 1490.

claims are not due to be dismissed  on the pleadings.

### 2.   Individual Capacity Section 1983 Claims

Suits against municipal officials in their individual capacities are claims against the officials themselves as relief is sought from the person, not the governmental entity he represents. *See Hafer v. Melo*, 502 U.S. 21, 25 (1991).  Accordingly, Defendant Burnett is a "person" subject to suit under section 1983, when sued in his individual capacity. *See Toth v. City of Dothan*, 953 F. Supp. 1502, 1507 (M.D. Ala. 1996) (noting that state officials sued in their individual capacities are "persons" for purposes of Section 1983 and that they may be held personally liable for damages under Section 1983 for actions taken in their official capacities).

"It is well established in this Circuit that supervisory officials are not liable under [section] 1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability." *Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003) (quoting *Hartley v. Parnell*, 193 F.3d 1263, 1269 (11th Cir. 1999)).  However, supervisory liability under section 1983 may occur "'when the supervisor personally participates in the alleged constitutional violation or when there is a causal connection between the actions of the supervising official and the alleged deprivation.'" *Valdes v. Crosby*, 450 F.3d 1231, 1236 (11th Cir. 2006) (quoting *Miller v. King*, 384 F. 3d 1248, 1261 (11th Cir. 2004)).  Based on the pleadings, there is no allegation that Defendant Burnett personally participated in any alleged sexual assault of Plaintiff while she was in the City of Sumiton Jail.  In fact, Plaintiff's Complaint pleads no facts suggesting Defendant Burnett was even aware that Plaintiff has been arrested or was in custody.  (*See* Doc. #1 at ¶¶ 13-15).  The question then is whether there is a sufficient causal connection between Defendant Burnett's action or inaction and Defendant Daugherty's alleged sexual assault.

A causal connection may be established when: 1) a "history of widespread abuse" puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he or she fails to do so; 2) a supervisor's custom or policy results in deliberate indifference to constitutional rights; or 3) facts support an inference that the supervisor directed subordinates to act unlawfully or knew that subordinates would act unlawfully and failed to stop them from doing so. *Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003). Here, the court must accept as true Plaintiff's well-plead allegations and, in light of that, it would be inappropriate to dismiss Plaintiff's supervisory liability section 1983 claims against Defendant Burnett.

Although not stated under the "Facts" heading, Plaintiff does allege that Defendant Burnett was "aware of previous misconduct of Defendant Daugherty, but failed to correct those actions." (Doc. #1 at ¶ 23). Plaintiff also contends that Defendant Burnett "had knowledge of these acts and the potential for this kind of action taken by Defendant Daugherty based upon previous similar acts he had committed." (*Id.* at ¶ 24). At this stage, these allegations may support a finding that Defendant Burnett was aware of Defendant Daugherty's previous alleged misconduct such that Defendant Burnett was on notice of the alleged constitutional violations. Plaintiff has also alleged facts that could support an inference that Defendant Burnett knew that Defendant Daugherty would act unlawfully but failed to intervene or was deliberately indifferent. *See Bd of Cnty. Comm'rs of Bryan Cnty, Okla v. Brown*, 520 U.S. 397, 410 (1997) (deliberate indifference exists when supervisor disregards a known or obvious consequence of his action). Thus, Plaintiff's section 1983 claims against Defendant Burnett in his individual capacity are not subject to dismissal at this point.

Defendant Burnett argues that he is entitled to qualified immunity on Plaintiff's section 1983 claims. The court recognizes that qualified immunity is not only immunity from liability, but also

immunity from defending the suit itself.  *See e.g.*, *Behrens v. Pelletier*, 516 U.S. 299, 308 (1996); *Mitchell v. Forsyth*, 472 U.S. 511, 525 (1985).  A qualified immunity determination requires the application of a multi-part test.  First, a defendant must establish that he was acting within his discretionary authority as a public employee when the conduct in question occurred. *Townsend*, 601 F.3d at 1158.  Next, a plaintiff must demonstrate "'that: (1) the defendant violated a constitutional right, and (2) this right was clearly established at the time of the alleged violation.'"  *Id*. (quoting *Holloman v. Harland*, 370 F.3d 1252, 1264 (11th Cir. 2004)).  In previous years, this two-step inquiry had to be conducted in sequential order. That is, the court had to decide whether a right existed (and whether it was violated) before deciding whether it was clearly established. Now, however, courts may "'exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first.'"  *Id.* (quoting *Pearson v. Callahan*, 555 U.S. 223, 236 (2009)).

A district court may dismiss a complaint when the complaint contains allegations which will clearly support the defense on the face of the complaint.  *Fortner v. Thomas*, 983 F.2d 1024, 1028 (11th Cir. 1993).  Assuming Plaintiff's factual allegations are true, as the court must, this is not a case where qualified immunity is due to be granted at this stage.  Once limited, narrowly tailored discovery takes place, Defendant's qualified immunity defense may be reasserted.  Therefore, the court contemplates bifurcating discovery in this action in order to afford the parties an opportunity to fully brief the qualified immunity issue.  The court will discuss with the parties whether and how to do so during a scheduling conference, to be conducted on a date to be determined by the court.

### 3.  Invasion of Privacy, Assault and Battery, and Outrage Claims

Plaintiff's claims against Defendant Burnett for invasion of privacy, assault and battery, and outrage can only be premised upon a vicarious liability theory as Plaintiff has alleged no facts that Defendant Burnett personally participated in the alleged sexual assault, had direct contact with Plaintiff, or was even aware that Plaintiff was in custody.  In order for Plaintiff to recover against Defendant Burnett under a respondeat superior or vicarious liability theory, "it is necessary for the plaintiff to establish the status of employer and employee - master and servant - and to establish that the act was done within the scope of the employee's employment."  *Chamlee v. Johnson-Rast & Hayes*, 579 So. 2d 580, 582 (Ala. 1990); *see also Hudson v. Muller*, 653 So. 2d 942, 944 (Ala. 1995) ("To recover against a defendant under a theory of respondeat superior, the plaintiff must establish a status of employer and employee.").  Plaintiff's Complaint alleges that Defendant Daugherty was "employed by the City of Sumiton and the Sumiton Police Department" when the alleged sexual assault took place.  (Doc. #1 at ¶ 2).  Therefore, based on Plaintiff's allegations, Plaintiff cannot establish the requisite employer-employee or master-servant relationship between Defendant Burnett and Defendant Daugherty.

Moreover, it is well-established that, "as a matter of law, the doctrine of respondeat superior does not hold supervisors, as co-employees, vicariously liable for the torts of their subordinates." *Ware v. Timmons*, 954 So. 2d 545, 555 (Ala. 2006).  Accordingly, Defendant Burnett is not liable for any alleged torts of Defendant Daugherty.  *See id.*  Plaintiff argues that these claims against Defendant Burnett may proceed under Ala. Code. § 11-47-190.  However, this argument is misplaced as this particular code section pertains to municipal liability, not liability against city officers in either their individual or official capacities.  Additionally, to the extent Plaintiff asserts

these claims against Defendant Burnett in his official capacity, they are due to be dismissed because they are redundant as claims against the municipal entity Defendant Burnett represents. *See Busby*, 931 F.2d at 776 (noting that suits against municipal officers in their official capacities are functionally equivalent to suits against municipalities and therefore, no need exists to bring official-capacity actions against local government officials). Thus, Plaintiffs invasion of privacy, assault and battery, and outrage claims against Defendant Burnett in both his individual and official capacities are due to be dismissed.

### 4.    Negligent Retention, Training, and Supervision Claims

Plaintiffs claims against Defendant Burnett for negligent retention, training and supervision are due to be dismissed because Alabama does not recognize a cause of action for a supervisor's negligent training or supervision of a subordinate. *See e.g.*, *Doe v. City of Demopolis*, 799 F. Supp. 2d 1300, 1312 (S.D. Ala. 2011) ("Alabama law does not recognize a cause of action against a supervisor or municipality for negligent training or supervision."); *Ott v. City of Mobile*, 169 F. Supp. 2d 1301, 1314-15 (S.D. Ala. 2001) (dismissing a negligent retention, training, and supervision claim against a municipality because "Alabama recognizes no cause of action against a supervisor for negligent failure to supervise or train a subordinate. . . ."). Accordingly, Plaintiff's claims for negligent retention, training, and supervision fail to state claim upon which relief can be granted and those claims are due to be dismissed.

Plaintiff argues that her negligent retention claim should not be dismissed because Defendants have not cited any authority stating that Plaintiff may not maintain such a cause of action. The court is not persuaded by Plaintiff's argument on this point. In a similar action in the Middle District of Alabama, the court granted summary judgment in favor a city police chief on a

state law claim for negligent training, supervision, *and retention*. *See Borton v. City of Dothan*, 734 F. Supp. 2d 1237, 1262 (M.D. Ala. 2010) (emphasis added). The *Borton* court reached its conclusion after citing the general rule that a police chief could not be liable for negligent training or supervision because "no such cause of action exists under Alabama law. . . ." *Borton*, 734 F. Supp. 2d at 1258 (citing *Hamilton v. City of Jackson*, 508 F. Supp. 2d 1045, 1054-58 (S.D. Ala. 2007)). Additionally, other courts within the Eleventh Circuit have granted summary judgment in favor of a police chief on claims for negligent retention because a police chief is not deemed an officer's employer for purposes of this claim. *See Matthews v. City of Gulfport*, 72 F. Supp. 2d 1328, 1340-41 (M.D. Fla. 1999). Therefore, in addition to Plaintiff's negligent training and supervision claims, Plaintiff's negligent retention claim is due to be dismissed as well.

**B.    Plaintiff's Claims Against Defendant City of Sumiton**

**1.    Section 1983 Claims**

The City of Sumiton may be found liable under section 1983 only if the City itself caused the alleged constitutional violation. *See City of Canton v. Harris*, 489 U.S. 378, 385 (1989). It is well established that a municipality "may not be sued under [Section] 1983 for an injury inflicted solely by its employees or agents." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). Rather, "it is when execution of a government's policy or custom, whether made by its lawmakers or those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under [section] 1983." *Id.* And, there must be "a direct causal link between a municipal policy or custom and the alleged constitutional deprivation." *Harris*, 489 U.S. at 385.

Here, Plaintiff alleges that Defendant City of Sumiton failed to take action to prevent sexual assaults at the jail thereby sanctioning sexually hostile work environments and assaults. (Doc. #1 at ¶ 29). Plaintiff further states that "[i]t was custom among guards, officers and employees of the jail and Police Department to subject female prisoners to a sexually hostile environment and assaults, and it was the policy and custom of the officials capable of stopping the hostile environment to make no effort to rescue those arrested or incarcerated from the sexually hostile work environment." (*Id.* at ¶ 30). Taking these allegations as true, as it must, the court is not prepared at this stage to dismiss Plaintiff's section 1983 claims against Defendant City of Sumiton. Plaintiff has pleaded facts that, if established, may prove that Defendant City of Sumiton permitted a widespread practice that "although not authorized by written law or express municipal policy [was] 'so permanent and well settled as to constitute a 'custom or usage' with force of law." *Brown v. City of Fort Lauderdale*, 923 F.2d 1474, 1481 (11th Cir. 1991) (internal citations omitted). Additionally, Plaintiff's allegations could support an inference that certain behavior by jail personnel was deemed authorized by City of Sumiton policymaking officials "because they must have known about it and failed to stop it." *See id.* Accordingly, Plaintiffs Section 1983 claims against Defendant City of Sumiton are not subject to dismissal at this point.

### 2. Invasion of Privacy, Assault and Battery and Outrage Claims

Plaintiff's intentional tort claims against Defendant City of Sumiton fail for two reasons: (1) Plaintiff has not filed a notice of claim with the City, and (2) the City cannot be liable for the intentional torts of its employees.

### a. Plaintiff's Claims Are Barred for Failure to File Notice of Claim

Plaintiff's claims for invasion of privacy, assault and battery, and outrage are barred because

Plaintiff failed to file a notice of claim with the City of Sumiton. Alabama Code § 11-47-23 (1975) provides in pertinent part that "Claims for damages growing out of torts shall be presented within six months from the accrual thereof or shall be barred." Ala. Code § 11-47-23; *see also id.* at § 11-47-192 (1975). The failure to file a claim with the City within six months of the accrual of the claim is a bar to any recovery against the City. *See Sows v. Morgan*, 40 F. Supp. 2d 1345, 1365 (M.D. Ala. 1999).

Here, Plaintiff alleges that the sexual assault occurred "on or about the middle of October 2010." (Doc. #1 at ¶ 13). Plaintiff has presented no evidence that she filed a notice of claim by the middle of April 2011. Indeed, Plaintiff appears to concede that she in fact did not file any notice of claim with the City of Sumiton. (*See* Doc. #12, pg. 14). Because Plaintiff did not file a notice of claim, her state law tort claims for invasion of privacy, assault and battery, and outrage are barred and are due to be dismissed. *See* Ala. Code § 11-47-23; *Sows*, 40 F. Supp. 2d at 1365. Moreover, even if Plaintiff had filed a notice of claim (and, again, to be clear, she did not), her intentional tort claims against the City of Sumiton are nevertheless due to be dismissed.

### b.      City of Sumiton is Not Liable for Employee's Intentional Torts

Plaintiff's intentional tort claims against the City of Sumiton also fail because Alabama Code § 11-47-190 (1975) expressly restricts "liability of municipalities to injury suffered through 'negligent, carelessness, or unskillfulness.'" *Hillard v. City of Huntsville*, 585 So. 2d 889, 892 (Ala. 1991) (quoting Ala. Code § 11-47-190); *see also Brown v. City of Huntsville*, 608 F.3d 724, 743 (11th Cir. 2010) ("Under § 11-47-190, a city is liable for negligent acts of its employees within the scope of their employment, but not intentional torts of its employees."). As Plaintiff concedes, her assault, battery, and outrage claims are intentional torts for which the City of Sumiton may not be

liable.  (*See* Doc. #12). Furthermore, invasion of privacy is an intentional tort.[3]  Therefore, because Plaintiff's claims for invasion of privacy, assault and battery, and outrage involve intentional torts, these claims are due to be dismissed.  *See* Ala. Code § 11-47-190; *see also e.g.*, *Brown*, 608 F. 3d at 743.

### 3.        Negligent Retention, Negligent Training, and Negligent Supervision

Like Plaintiff's intentional tort claims against the City of Sumiton, Plaintiff's claims for negligent retention, training, and supervision are also due to be dismissed because Plaintiff failed to file a notice of claim with the City of Sumiton within six months of the alleged wrong.  *See* Alabama Code § 11-47-23 (1975) ("Claims for damages growing out of torts shall be presented within six months from the accrual thereof or shall be barred."); *see also supra* Part II.B.2.a. Plaintiff's failure to file a notice of claim within six months of the alleged sexual assault bars any recovery against the City of Sumiton for negligent retention, training, or supervision.  *See* Ala. Code § 11-47-23; *Sows*, 40 F. Supp. 2d at 1365.  Therefore, Plaintiff's claims against the City of Sumiton for negligent retention, training, and supervision are due to be dismissed.

---

[3]Plaintiff asserts that Defendant's activities "constituted a wrongful instrusion into Plaintiff's personal space." (Doc. #1 at ¶ 35).  Under Alabama law, invasion of privacy consists of four distinct wrongs: "(1) intruding into the plaintiff's physical solitude or seclusion; (2) giving publicity to private information about the plaintiff that violates ordinary decency; (3) putting the plaintiff in a false, but not necessarily defamatory, position in the public eye; or (4) appropriating some element of the plaintiff's personality for a commercial use." *Johnston v. Fuller*, 706 So. 2d 700, 701 (1997).  The only possible alleged wrong here is intrusion into physical solitude or seclusion.  The Alabama Supreme Court has adopted the *Restatement (Second) of Torts* definition for the wrongful-intrusion branch of this tort.  *See Phillips v. Smalley Maint. Servs., Inc.*, 435 So. 2d 705 (Ala. 1983).  As the Second  Restatement explains,  "[o]ne who *intentionally* intrudes, physically or otherwise, upon the solitude or seclusion of another or his private affairs or concerns is subject to liability to the other for invasion of his privacy, if the intrusion would be highly offensive to a reasonable person."  *Restatement (Second) of Torts* § 652B (1977) (emphasis added).

**IV.    CONCLUSION**

For the reasons stated above, Defendants' Motion (Doc. #6) is due to be granted in part and denied in part.

Plaintiff's "official capacity" section 1983 claim (Count One) against Defendant Burnett is due to be dismissed with prejudice, but her section 1983 claim (Count One) will not be dismissed against Defendant Burnett in his individual capacity.

Additionally, Plaintiff's negligent retention, training, and supervision claims (Count Five) are due to be dismissed with prejudice against Defendant Burnett in his official and individual capacities.

The following claims are also due to be dismissed with prejudice against Defendant City of Sumiton:

(1)     Count Two: Invasion of Privacy;

(2)     Count Three: Assault and Battery:

(3)     Count Four: Outrage; and

(4)     Count Five: Negligent Retention, Training, and Supervision.

Finally, all claims against Defendants City of Sumiton Police Department and City of Sumiton Jail are due to be dismissed with prejudice.

A separate order consistent with this Memorandum Opinion will be issued.

**DONE** and **ORDERED** this _____7th_____ day of January, 2013.

**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE