**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
JASPER DIVISION**

| | |
|---|---|
| **MARY KRISTINA SMITH, and any others similarly situated,** } | |
| } | |
| **Plaintiff,** } | |
| } | |
| **v.** } | **Case No.: 6:12-cv-03521-RDP** |
| } | |
| **CITY OF SUMITON; SUMITON POLICE DEPARTMENT; CITY OF SUMITON JAIL; T.J. BURNETT; CHRIS DAUGHERTY, ESTATE OF CHRIS DAUGHERTY,** } | |
| } | |
| **Defendants.** } | |

**<u>MEMORANDUM OPINION</u>**

Before the court is Defendants Police Chief T.J. Burnett ("Burnett") and the City of Sumiton, Alabama's ("City of Sumiton") Motion to Dismiss Second Amended Complaint (Doc. #30), filed on May 29, 2013.  The Motion (Doc. #30) has been fully briefed.  (*See* Docs. #30[1], #34, #35).  For the reasons outlined below, Defendants' Motion (Doc. #30) is due to be granted.

## I.    BACKGROUND AND RELEVANT FACTS

Plaintiff initiated this action by filing a Complaint (Doc. #1) on October 4, 2012.  Plaintiff's Complaint contains five counts to relief against Defendants.  (*See* Doc. #1).  Plaintiff asserted claims under 42 U.S.C. § 1983 for alleged violations of the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution (Count One); state law invasion of privacy claims (Count Two); state law assault and battery claims (Count Three); state law outrage claims (Count Four); and state law negligent retention, negligent training, and negligent supervision claims (Count Five).  (*See* Doc.

---

[1]Defendants have incorporated the legal authority and arguments submitted in support of their motion for reconsideration (Doc. #20-1) as if fully set forth in their Motion to Dismiss Second Amended Complaint.

#1).  On January 7, 2013 the court granted in part and denied in part Defendants Burnett and City of Sumiton's Motion to Dismiss (Doc. #6).  (*See* Docs. #16, #17).[2]  On January 16, 2013, Defendants Burnett and City of Sumiton filed a Motion to Reconsider asking the court to reconsider three specific legal determinations and to enter an order dismissing Plaintiff's remaining claims.  (Doc. #20).  After a conference call on March 12, 2013, the court terminated Defendants' Motion to Reconsider as moot and instructed Plaintiff to file an Amended Complaint restating factual allegations to support her § 1983 claims.  (Doc. #24).  On May 13, 2013, Plaintiff filed a First Amended Complaint that contained claims and allegations beyond the scope of the court's March 12, 2013 order.  (Doc. #25).  After receiving leave of court to do so, Plaintiff then filed a Second Amended Complaint (Doc. #29), which became the operative pleading and it is that document which is the subject of the instant Motion to Dismiss.  Plaintiff's Second Amended Complaint asserts § 1983 claims against  Defendants Burnett, City of Sumiton, and Estate of Chris Daugherty[3] for violations of the Fourth, Eighth,[4] and Fourteenth Amendments to the United States Constitution.[5]

---

[2]The court dismissed with prejudice Plaintiff's § 1983 claims against Defendant Burnett in his official capacity and Plaintiff's claims against Defendant Burnett for invasion of privacy, assault and battery, outrage, and negligent retention, training, and supervision.  The court also dismissed with prejudice Plaintiff's claims against Defendant City of Sumiton for  invasion of privacy, assault and battery, outrage, and negligent retention, training, and supervision.  The court further dismissed with prejudice all claims against City of Sumiton Police Department and City of Sumiton Jail. (*See* Doc. #17).

[3]On November 28, 2012 the court dismissed without Plaintiff's claims against Defendant Chris Daugherty. (Doc. #15).  As explained in the order, Defendant Daugherty was dead at the time this action was filed and therefore could not be a party to this lawsuit.  (*See* Doc. #15).  Although Plaintiff's Second Amended Complaint names the Estate of Chris Daugherty as a Defendant, the court dismissed all claims against this Defendant as Plaintiff failed to demonstrate that an estate had been established or that any such purported estate was properly served within 120 days of filing the Complaint.  (*See* Doc. #36).

[4]The purpose of the Eighth Amendment is to protect persons convicted of crimes from cruel and unusual punishment.  *See, e.g.*, *United States v. Lovett*, 328 U.S. 303, 317-18 (1946); *Whitley v. Albers*, 475 U.S. 312, 318 (1986). Generally, the Eighth Amendment does not apply to claims brought by arrestees and pretrial detainees.  *Cottrell v. Caldwell*, 85 F.3d 1480, 1490 (11th Cir. 1996) ("Claims involving the mistreatment of arrestees or pretrial detainees in custody are governed by the Fourteenth Amendment's Due Process Clause instead of the Eighth Amendment's Cruel and Unusual Punishment Clause, which applies to such claims by convicted prisoners.").  Plaintiff was an arrestee in custody for failure to pay traffic fines.  (*See* Doc. #1 at ¶ 13).  Thus, any § 1983 claims asserted on the basis of Eighth Amendment violations are due to be dismissed because Plaintiff was an arrestee or pretrial detainee and not an individual

Although not named under the "Parties" heading, Plaintiff includes factual allegations against Defendants City of Sumiton Jail and City of Sumiton Police Department. (*See* Doc. #29 at ¶¶ 16, 20, 21, 23). However, as explained by this court in a prior Memorandum Opinion, these entities are not subject to suit[6] and were dismissed from this action by the court's January 7, 2013 order. (*See* Doc. #17).

The factual allegations contained in Plaintiff's Second Amended Complaint are as follows. Sometime in October 2010, a Sumiton police officer arrested Plaintiff and took her to the City of Sumiton Jail because she had unpaid traffic violations. (Doc. #29 at ¶ 12). Plaintiff remained in the jail overnight. (*Id.* at ¶ 13). During the first night she was incarcerated, Defendant Chris Daugherty "threatened her, made verbal sexual threats and forced [her] to perform unwanted sex acts on him and sexually harassed her, sexually assaulted her and sexually abused her." (*Id.*). Plaintiff "had no choice but to be subjected to the unwanted sexual acts against her" because of the verbal and physical threats made against her, the assault and battery, and the position of power asserted by Defendant Daugherty. (*Id.* at ¶ 14). Prior to October 2010, while employed by the City of Sumiton, Defendant Daugherty "committed sexual harassment and/or sexual assault against individuals arrested or incarcerated by the City of Sumiton." (*Id.* at ¶ 15).

---

convicted of a crime. *See Cottrell*, 85 F.3d at 1490.

[5]The Second Amended Complaint contains references to the state law claims previously dismissed by the court. (See Doc. #29 at ¶ 1). However, the substantive content of the Second Amended Complaint does not seek relief under these state law theories. Therefore, the court construes the passing reference to the state law claims as a scrivener's error.

[6]*See, e.g., Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992) (noting that "sheriff's departments and police departments are not usually considered legal entities subject to suit"); *Eddy v. City of Miami*, 715 F. Supp. 1533, 1536 (S.D. Fla. 1989) ("Where a police department is an integral part of the city government as the vehicle through which the city government fulfills its policing functions, it is not an entity subject to suit."); *Powell v. Cook Cnty. Jail*, 814 F. Supp. 757, 758 (N.D. Ill. 1993) (stating that a jail is not a legal entity subject to suit); *Yeager v. Hardy*, 2011 WL 736396, at *1 (M.D. Ala. Feb. 2, 2011) (a city jail is "not a legal entity and, therefore, is not subject to suit. . . .").

Defendants Burnett and City of Sumiton each "knew or should have known of Defendant Daugherty's pattern and practice of sexual assault, misconduct, harassment and abuse of female inmates, detainees, and arrestees." (*Id.* at ¶ 16).[7]  According to Plaintiff, these Defendants failed to take adequate action to prevent Plaintiff's treatment. (*Id.*).  Defendant Burnett "failed to promulgate, adopt, implement and enforce the policies, rules and regulations to safeguard female inmates, including Plaintiff" and "failed to prevent abuse against Plaintiff. . . ." (*Id.* at ¶ 18).  Plaintiff also alleges that Defendant Burnett failed to adequately supervise or punish Defendant Daugherty for his actions before and after Plaintiff's assault. (*Id.* at ¶ 19).  Plaintiff contends that Defendants Burnett and City of Sumiton "were on notice that there were inadequate policies and procedures and that Defendant Daugherty had committed and had the propensity to commit sexual assault and harassment against females." (*Id.* at ¶ 21).  Plaintiff further alleges that "[i]t was the custom among guards, officers, and employees of the [Sumiton Jail and Police Department] to subject the female prisoners to a sexually hostile working environment and assaults" and that "it was the policy and custom of the officials capable of stopping the hostile environment to make no effort to rescue those arrested or incarcerated from the sexually hostile work environment." (*Id.* at ¶ 38).  According to Plaintiff, this conduct amounts to "actual participating and deliberate indifference to the sexual harassment suffered by Plaintiff. . . ." (*Id.* at ¶ 23).

---

[7]These averments are repeated in paragraph 31 of the Second Amended Complaint except that Plaintiff adds that "Defendants and its officials knew, should have known, or participated in acts of sexual harassment and abuse...and were aware of previous misconduct of Defendant Daugherty, but failed to correct those actions."  "Upon information and belief, other individuals have been subjected to the same sexual assault and sexual abuse by Defendant Daugherty." (*Id.* at ¶ 31).  The same allegation is essentially repeated once again in paragraph 32, which states that "Defendants had knowledge of these acts and the potential for this kind of action by Defendant Daugherty based on previous similar acts he had commited." (*Id.* at ¶ 32).

## II.     STANDARD OF REVIEW

The Federal Rules of Civil Procedure require only that the complaint provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Having said that, the complaint must include enough facts "to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Pleadings that contain nothing more than "a formulaic recitation of the elements of a cause of action" do not meet Rule 8 standards, nor do pleadings suffice that are based merely upon "labels and conclusions" or "naked assertion[s]" without supporting factual allegations. *Twombly*, 550 U.S. at 555, 557. In deciding a Rule 12(b)(6) motion to dismiss, courts view the allegations in the complaint in the light most favorable to the non-moving party. *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1295 (11th Cir. 2007).

To survive a motion to dismiss, a complaint must "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although "[t]he plausibility standard is not akin to a 'probability requirement,'" the complaint must demonstrate "more than a sheer possibility that a defendant has acted unlawfully." *Id*. A plausible claim for relief requires "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence" to support the claim. *Twombly*, 550 U.S. at 556.

The Supreme Court has recently identified "two working principles" for a district court to use in applying the facial plausibility standard. First, in evaluating motions to dismiss, the court must assume the veracity of well-pleaded factual allegations; however, the court does not have to accept as true legal conclusions when they are "couched as [] factual allegation[s]." *Iqbal*, 556 U.S.

5

at 68.  Second, "only a complaint that states a plausible claim for relief survives a motion to dismiss."  *Id.*  Application of the facial plausibility standard involves two steps.  Under prong one, the court must determine the scope and nature of the factual allegations that are well-pleaded and assume their veracity; and under prong two, the court must proceed to determine the claim's plausibility given the well-pleaded facts.  That task is context specific and, to survive the motion, the allegations must permit the court based on its "judicial experience and common sense . . . to infer more than the mere possibility of misconduct."  *Id.*  If the court determines that well-pleaded facts, accepted as true, do not state a claim that is plausible, the claims are due to be dismissed.  *Id.*

## III.  DISCUSSION

### A.    Plaintiff's § 1983 Claims Against Defendant City of Sumiton

"The Supreme Court has placed strict limitations on municipal liability under § 1983."  *Gold v. City of Miami*, 151 F.3d 1346, 1350 (11th Cir. 1998).  It is well-established that a municipality may not be sued under § 1983 for an injury inflicted solely by its employees or agents.  *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978).  Rather, "it is when execution of a government's policy or custom, whether made by its lawmakers or those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983."  *Id.*  To state a claim against a municipality under § 1983, "a plaintiff must show: (1) that [her] constitutional rights were violated; (2) that the municipality had a custom or policy that constituted deliberate indifference to that constitutional right; and (3) that the policy or custom caused the violation."  *McDowell v. Brown*, 392 F.3d 1283, 1289 (11th Cir. 2004).  A policy is defined as a "decision that is officially adopted by the municipality . . . ."  *Sewell v. Town of Lake Hamilton*, 117 F.3d 488, 489 (11th Cir. 1997) (citing *Brown v. City of Fort Lauderdale*, 923 F.2d 1474, 1479-80 (11th Cir. 1991)).  A custom is defined as a "practice that is so settled and permanent

that it takes on the force of law." *Id.* (citing *Monell*, 438 U.S. at 690-94).

Here, Plaintiff has not alleged a sufficient factual basis for her claim against Defendant City of Sumiton. (Doc. #29 at ¶ 13-14). For obvious reasons, Plaintiff did not aver any facts relating to a formal policy adopted by the City commanding its officers to commit sexual assaults and harassment against arrested or detained individuals. Likewise, Plaintiff has not stated with any factual specificity a custom practiced by Defendant City of Sumiton allowing such behavior on the part of its officers. Plaintiff alleged the City was "on notice that there were inadequate policies and procedures and that Defendant Daughtery had committed and had the propensity to commit sexual assault and harassment against females. [Defendant City of Sumiton] failed to correct the issues with Defendant Daughtery prior to the sexual assault and harassment of Plaintiff Smith." (Doc. #29 at ¶ 21). However, Plaintiff does not point explicitly to any prior instances of Defendant Daughtery's supposed history of harassment of female inmates. Further, Plaintiff does not aver how Defendant City of Sumiton knew or should have known of Defendant Daughter's alleged prior incidents. Without any additional facts regarding prior assaults or harassment by Defendant Daughtery or any other officer in the City of Sumiton, Plaintiff's claim that Defendant City of Sumiton implemented a custom allowing assaults and harassment of arrestees is nothing more than a conclusory allegation. *See Galloway v. City of Abbeville*, 871 F.Supp.2d 1298, 1309-10 (M.D. Ala. 2012) (dismissing a complaint that fails to point to a "specific policy constituting deliberate indifference," opining that "[c]ourts in this district have time and again called for something more than a bare-bones, passing reference to a policy or custom to state a claim against a municipality.").

Of course, a municipality also may be held liable on a claim of inadequate training where "a municipality's failure to train its employees in a relevant respect evidences a 'deliberate indifference' to the rights of its inhabitants [such that the failure to train] can be properly thought of as a city

7

'policy or custom' that is actionable under § 1983." *City of Canton v. Harris*, 489 U.S. 378, 389 (1989).  To show "deliberate indifference," a plaintiff must present some evidence to demonstrate "that the municipality knew of a need to train and/or supervise in a particular area and the municipality made a deliberate choice not to take any action."  *Gold*, 151 F.3d at 1350.  The Eleventh Circuit has held repeatedly "that without notice of a need to train or supervise in a particular area, a municipality is not liable as a matter of law for any failure to train or supervise." *Id.* at 1351.  A municipality can rely often on its officers' common sense rather than implementing formal training: "[w]here the proper response . . . is obvious to all without training or supervision, then the failure to train or supervise is generally not so likely to produce a wrong decision as to support an inference of deliberate indifference by city policymakers to the need to train or supervise." *Walker v. New York*, 974 F.2d 293, 299-300 (2nd Cir. 1992) (internal quotation marks omitted); *see also Sewell*, 117 F.3d at 490 (stating that the Eleventh Circuit is "persuaded that the Second Circuit's interpretations of *City of Canton* is correct.").  Nevertheless, the Second Circuit did note that "[a] pattern of known misconduct, however, may be sufficient to change reasonable reliance into deliberate indifference."  *See Walker*, 974 F.2d at 301.

Nothing in the pleadings suggests that police do not know (and, indeed, they should in fact know) that any act of any act of sexual assault or harassment against arrested or detained individuals is illegal and not tolerated while they are acting in their official positions.  The only real question before the court now is whether Plaintiff has alleged with enough factual specificity that a pattern of misconduct by the officers has made Defendant City of Sumiton's alleged lack of training or supervision rise to the level of deliberate indifference.

The court concludes that Plaintiff's allegations do not rise to the level of the well-pleaded factual allegations necessary to meet the modern heightened pleading standard.  *See Iqbal*, 556 U.S.

8

662; *Twombly*, 550 U.S. 556.  Plaintiff alleged that "Defendant Daughtery committed sexual harassment and/or sexual assault against individuals arrested or incarcerated by the City of Sumiton" (Doc. #29 at ¶ 19), but she has not actually pointed to any specific facts, dates, names of the victims, or the number and frequency of these alleged prior incidents.  While Rule 8 does not mandate detailed factual allegations within a complaint, it does require "more than labels and conclusions, [or] a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555.  Because Plaintiff has not alleged with factual specificity any prior instances of sexual assault or harassment by Defendant Daughtery or other officers, the court must dismiss these allegations as conclusory statements.[8]  *See Doe ex rel. Doe  v. City of Demopolis*, 461 F. App'x. 915 (11th Cir. 2012) (affirming dismissal of municipal liability claims where claimant's complaint only averred rumors of prior sexually inappropriate conduct); *Barr v. Gee*, 437 F. App'x. 865, 874-75 (11th Cir. 2011) (affirming dismissal of municipal liability claims because "[a]lthough Barr asserted that the County had a custom of tolerating violations of his and his child's constitutional rights, he offered no factual allegations to support a plausible inference that such a custom existed."); *Gray v. City of Roswell*, 486 F. App'x. 798, 800-01 (11th Cir. 2012) (affirming dismissal of municipal liability claims because the claimant did not "recite any facts or policies which would support a claim against the City.  [Claimant] only makes threadbare recitals of the elements of a cause of action, supported by

---

[8]Although Plaintiff cites a recent case with similar facts in which a court in this district denied a defendant municipality's motion to dismiss, this court finds the facts alleged in that complaint distinguishable from those in the instant case.  In *Franklin v. Curry*, the Plaintiff alleged specifically in her complaint that the offending officer "abused another female inmate and had inappropriate sexual relations with yet another." *Franklin v. Curry*, 2012 WL 6755060 (N.D. Ala. 2012).  These specific references point to actual prior incidents and form the basis for a well-pleaded factual complaint, thus making the claim plausible enough to survive a motion to dismiss.  In the instant case, Plaintiff pointed only to elements of the claim, rather than specific allegations of fact showing the existence of possible pattern of misconduct in the municipality.

mere conclusory statements.").[9]  Without any additional evidence, Plaintiff's remaining well-pleaded facts, accepted as true, do not aver facts against Defendant City of Sumiton sufficient to make her claim plausible.  Plaintiff has not alleged any facts suggesting she may discover evidence supporting her claim.  Thus, Plaintiff's 42 U.S.C. § 1983 claims against Defendant City of Sumiton must be dismissed.

**B.**  **Plaintiff's § 1983 Claims Against Defendant Burnett**[10]

"It is well established in this circuit that supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates 'on the basis of respondeat superior or vicarious liability.'"  *Hartley by Hartley v. Parnell*, 193 F.3d 1263, 1269 (11th Cir. 1999) (quoting *Belcher v. City of Foley*, 30 F.3d 1390, 1394 (11th Cir. 1994)).  Instead, "[t]he standard by which a supervisor is held liable in [his] individual capacity for the actions of a subordinate is extremely rigorous."  *Gonzalez v. Reno*, 325 F.3d 1228, 1234 (11th Cir. 2003) (quoting *Braddy v. Fla. Dep't of Labor & Empl. Sec.*, 133 F.3d 797, 802 (11th Cir. 1998)).  In determining when a supervisor can be held liable in his individual capacity, the Eleventh Circuit has held that "[s]upervisory liability occurs either when the supervisor personally participates in the alleged constitutional violation or when there is a causal connection between actions of the supervising official and the alleged constitutional deprivation."  *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988).  In this case, Plaintiff has not alleged Defendant Burnett personally participated in the alleged violations.  Still, Plaintiff can survive Defendant's motion to dismiss if she properly establishes a causal connection

---

[9]Although these unpublished decisions of the Eleventh Circuit have no precedential value, the court finds they are each well reasoned.

[10]By previous order (*See* Doc. #17), Plaintiff's claims against Defendant Burnett in his official capacity were dismissed with prejudice.  Thus, Plaintiff's Second Amended Complaint is construed as only stating a § 1983 claim against Defendant Burnett in his individual capacity.

between Defendant Burnett's actions and the alleged constitutional deprivation.[11]

In the Eleventh Circuit, a causal connection can be shown in three ways:

"[B]y evidence of (1) 'a custom or policy that results in deliberate indifference to constitutional rights,' (2) 'facts that support an inference that the supervisor[] directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so,' or (3) 'a history of widespread abuse' that notified the supervisor of the need to correct the alleged deprivation, but [s]he failed to do so."

*Campbell v. Johnson*, 586 F.3d 835, 840 (11th Cir. 2009) (quoting *West v. Tillman*, 496 F.3d 1321, 1327 (11th Cir. 2007)).  In order for a claimant to allege a history of widespread abuse, the abuse must be "obvious, flagrant, rampant and of continued duration, rather than isolated occurrences." *Doe v. Sch. Bd. of Broward Cnty., Fla.*, 604 F.3d 1248, 1266 (11th Cir. 2011) (quoting *Hartley v. Parnell*, 193 F.3d 1263, 1269 (11th Cir. 1999)).

The court finds Plaintiff has not alleged  facts with sufficient specificity that show a causal connection existed between Defendant Burnett's actions and Plaintiff's alleged deprivation.  First, Plaintiff has not stated any facts to show a policy or custom created by Defendant Burnett led to deliberate indifference of constitutional deprivations.  Plaintiff stated in her Second Amended Complaint that "Defendant Burnett failed to promulgate, adopt, implement, and enforce the policies, rules and regulations to safeguard the female inmates, including Plaintiff Smith, and failed to prevent abuse against Plaintiff Smith."  (Doc. #29 at ¶ 18).  As espoused above in the dismissal of Plaintiff's claims against Defendant City of Sumiton, in order to allege a custom that is "so settled and

---

[11]Defendant argues "[p]ost-*Iqbal*, there can be no § 1983 liability against a supervisor who did not personally participate in the alleged constitutional violation, and who took no affirmative action to directly cause the alleged constitutional violation." (Doc. #20-1 at ¶ 18).  However, in its post-*Iqbal* case law, the Eleventh Circuit has not limited supervisory liability to merely personal participation on the part of the supervisor, but instead has continued to allow liability with sufficient allegations of a "causal connection between supervisory actions and the alleged deprivation." *Reid v. Sec'y Fla. Dep't of Corr.*, 486 F. App'x. 848, 852 (11th Cir. 2012);  *See also Bryant v. Jones*, 575 F.3d 1281, 1299-1300 (11th Cir. 2009); *German v. Broward Co. Sheriff's Office*, 439 F. App'x. 867, 870 (11th Cir. 2012); *Malone v. Butler*, 2012 U.S. Dist. LEXIS 127370 (N.D. Ala. 2012); *Evans v. Jefferson Cnty. Comm'n*, 2012 U.S. Dist. LEXIS 67737 (N.D. Ala. 2012); *Bell v. Holder*, 2011 U.S. Dist. LEXIS 153963 (M.D. Ala. 2011).

permanent that it takes on the force of law," Plaintiff must cite some factual basis supporting that contention.  In order to satisfy the post-*Iqbal* heightened pleading standard, Plaintiff must cite at least some tangible evidence of prior incidents to show the possible existence of a permanent custom implemented by Defendant Burnett.  Plaintiff's allegations specify no prior instances of any sexual assaults or harassment (other than mere sweeping conclusory allegations of their existence).  While Rule 8 does not mandate detailed factual allegations within a complaint, it does require "more than labels and conclusions, [or] a formulaic recitation of the elements of a cause of action."  *Twombly*, 550 U.S. at 555; *see also Barr*, 437 F. App'x. at 875-76 (affirming the dismissal of a claimant's complaint because he "failed to identify the purported policies or customs" and merely asserted them "without factual support."); *Doe v. Ga. Dep't of Corrs.*, 2013 WL 820394 (M.D. Ga. 2013) (dismissing a claimant's complaint because it made "only the base accusation that the [d]efendants followed some custom or practice that amounted to deliberate indifference to her safety," despite including some facts regarding two prior sexual assaults.).

Second, Plaintiff does not allege Defendant Burnett directed his subordinates to act unlawfully, but merely states that Defendant Burnett "knew or should have known of Defendant Daughtery's pattern and practice of sexual assault, misconduct, harassment and abuse of female inmates, detainees and arrestees . . . [and] failed to take adequate action to prevent the abuse which Plaintiff suffered." (Doc. #29 at ¶ 16).  At best, Plaintiff simply restates the element of the cause of action here.  Plaintiff avers Defendant Burnett knew or should have know of a pattern of assault and harassment, but fails to provide a factual basis for that pattern of misconduct.  And, without any factual allegations, the court is unclear what information Defendant Burnett knew or should have known that would create a causal connection.

Finally, Plaintiff has not pointed to any widespread abuse that would satisfy the obvious and

12

flagrant standard necessary to establish a causal connection. Plaintiff states in her amended pleading that "Defendant Daughtery committed sexual harassment and/or sexual assault against individuals arrested or incarcerated by the City of Sumiton." (*Id.* at ¶ 15). However, she has not alleged any specific facts, dates, or the frequency or number of these supposed prior incidents. Not only does Plaintiff's pleading not rise to the heightened standard necessary to allege obvious and flagrant widespread abuse, but the pleading does not cite a single fact pointing to actual prior deprivations. *See Walker v. Freeman*, 2009 WL 1956366 (N.D. Ga. 2009) (dismissing a claimant's complaint because he did not "allege sufficient facts to allow the [c]ourt to make a reasonable inference that [defendant] has previously committed similar acts against others being held at the jail," but instead "offered only his conclusory allegation of [defendant]'s prior knowledge). Plaintiff's complaint has not satisfied that standard in alleging a history of widespread abuse existed under Defendant Burnett.

Thus, in applying the facial plausibility standard, the court must dismiss all conclusory allegations pled by Plaintiff. In determining the claim's plausibility given the remaining well-pleaded facts, the court is left with no allegations regarding prior incidents of misconduct by any subordinate under Defendant Burnett. Thus, as Plaintiff has not alleged any evidence regarding a causal connection between Defendant Burnett's actions and the constitutional deprivation suffered by Plaintiff Smith, Defendant Burnett is not subject to supervisory liability. Plaintiff's claims against Defendant Burnett must be dismissed.

Defendant Burnett has also raised the defense of qualified immunity. (Doc. #20-1). The defense of qualified immunity "completely protects government officials performing discretionary functions from suit in their individual capacities unless their conduct violates 'clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Gonzalez*, 325 F.3d at 1233 (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). Because the court has found

13

Plaintiff's § 1983 allegations against Defendant Burnett for supervisory liability do not state a claim, the court need not fully address the question of Defendant Burnett's qualified immunity affirmative defense. Simply stated, Plaintiff has not shown that Defendant Burnett violated her constitutional rights, much less that a reasonable police officer in his position would know he was violating her well-established federal rights at the time. Thus, Defendant Burnett is in the alternative entitled to qualified immunity on Plaintiff's claims. *See Gonzalez v. Reno*, 325 F. 3d 1228, 1233 (11th Cir. 2003) (noting that because qualified immunity is a defense to standing trial and facing other burdens of litigation, "[i]t is therefore appropriate for a district court to grant the defense of qualified immunity at the motion to dismiss stage if the complaint 'fails to allege the violation of a clearly established constitutional right.'") (quoting *Chesser v. Sparks*, 248 F.3d 1117, 1121 (11th Cir. 2001)).

IV.    **CONCLUSION**

For the reasons discussed above, Defendants' Motion to Dismiss (Doc. #30) Plaintiff's Amended Complaint (Doc. #29) is due to be granted. An order consistent with this memorandum opinion will be entered.

**DONE** and **ORDERED** this ____2nd____ day of July, 2013.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE

14